TAYLOR, Judge.
Jerry Wayne Brooks, incarcerated at the West Jefferson Correctional Facility, filed a petition for writ of error coram nobis. That petition was denied and Brooks appeals.
Brooks had pleaded guilty to the offense of attempting to discharge a pistol into an occupied dwelling. He was sentenced as a recidivist to fifteen years’ imprisonment in the penitentiary. During the proceeding, he admitted to his prior felony convictions. Brooks’s contention on appeal is that his counsel was constitutionally ineffective because counsel did not tell him that if he did not admit to his prior felonies, then the state would have to prove them. His position is that at the moment he admitted to the prior felony convictions, his counsel was guilty of ineffective assistance. We disagree.
A defendant’s admission of a pri- or felony is a proper method of proving that prior conviction for purposes of the Habitual Felony Offender Act. Faircloth v. State, 471 So.2d 485 (Ala.Cr.App.1984). It is never the responsibility of defense counsel to tell his client to lie. The contention made by this coram nobis petitioner, who admitted to his prior felony convictions, is subject to a fatal flaw. For ineffective assistance of counsel to meet the test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), “the defendant must show that a deficient performance prejudiced the defense.” There is no showing in this case that the prosecutor could not have proved the prior convictions by other evidence. For that reason, there is no showing that the petitioner’s admission of his prior felony convictions actually prejudiced his case. Without such proof, the Strickland v. Washington test is not met and the assistance rendered by counsel is not shown to be ineffective. We do not mean to suggest, however, that there was initial error committed by counsel.
This case is due to be affirmed.
AFFIRMED.
All the Judges concur.